# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY BLACKMON,<br>Plaintiff | Case No. 1:12-cv-326 |
| vs | Dlott, J.<br>Litkovitz, M.J. |
| MICHAL SANDS, ET AL.,<br>Defendants | **REPORT AND RECOMMENDATION** |

Plaintiff, a state prisoner who apparently is currently incarcerated at the Ross Correctional Institution in Chillicothe, Ohio, brings this action alleging a violation of his constitutional rights by employees of the Ohio Adult Parole Authority (OAPA). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against the following OAPA agents, who are employed at the OAPA's Cincinnati regional office: Michal Sands, Lori L. Kramer and Amy Jenkins. Plaintiff alleges that he was arrested and detained pending a hearing by the OAPA on April 26, 2010. (Doc. 1, Complaint, p. 5). Plaintiff further alleges that on May 7, 2010, he was "terminated from the SORTS program for allegedly threatening one of its staff members," but that "after an investigation, he was found no[t] guilty of all charges." (*Id.*). Plaintiff claims that on June 22, 2010, when the defendants learned that he was not going to be "terminated" based on the "t[h]reats allegations," they denied eleven addresses that he submitted to them for approval of residence "without any apparent reason" and "proceeded to find him guilty of not submitting addresses [ninety] days before release from the program." (*Id.*). Plaintiff states that he "had a liberty interest in remaining on parole after being found not guilty of the [threats] charges." (*Id.*). He claims that the defendants, who refused to acknowledge that he "was found not guilty of the t[h]reats" and had "actually submitted the

3

[eleven] addresses," acted in concert to deprive him of that liberty interest without "any degree of justification" in violation of his due process and equal protection rights. (*Id.*). As relief, plaintiff requests $9,000,000 in damages from the defendants "in their personal capacity." (*Id.*, p. 6).

In his complaint, plaintiff essentially claims that he is entitled to damages because the defendants conspired to revoke his parole and denied him due process and equal protection during the proceedings that resulted in his parole revocation and return to prison. Plaintiff's allegations fail to state a claim for relief because a ruling in plaintiff's favor would necessarily cast doubt on the validity of his parole revocation and subsequent imprisonment. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682–83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085–86 (6th Cir. 1995); *cf. Blackshear v. Cincinnati Parole Authority*, No. 1:11cv212, 2011 WL 1831778, at *2 (S.D. Ohio Apr. 22, 2011) (Report & Recommendation) (Litkovitz, M.J.), *adopted*, 2011 WL 1812339 (S.D. Ohio May 12, 2011) (Barrett, J.) (involving dismissal of complaint at screening stage).

In *Heck*, the Supreme Court ruled that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486–87. Under *Heck*, when an inmate's successful § 1983 damages action would necessarily imply that his sentence or conviction is invalid, the complaint must be dismissed unless the inmate can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus. *See id.* The rule in *Heck* also "applies to proceedings that call into question the fact or duration of parole or

probation." *Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004) (quoting *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)); *Norwood v. Michigan Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003); *Catanzaro v. Harry*, _ F. Supp.2d _, No. 1:11cv868, 2012 WL 289253, at *16 (W.D. Mich. Jan. 31, 2012). Moreover, the same principle enunciated in *Heck* with respect to § 1983 claims also applies to conspiracy claims brought under 28 U.S.C. § 1985. *See Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003); *Mason v. Stacey*, No. 4:07cv43, 2009 WL 803107, at *7 (E.D. Tenn. Mar. 25, 2009) (and cases cited therein); *cf. Norwood*, 67 F. App'x at 287 (holding that allegations under § 1983 of conspiracy by the defendants to revoke the plaintiff's parole were not cognizable under *Heck*).

In this case, plaintiff has not alleged any facts showing the decision by the defendant OAPA agents to revoke his parole has been invalidated by a federal or state court or other appropriate tribunal. Because a successful challenge to plaintiff's parole revocation based on the allegations of conspiracy and other constitutional violations would necessarily imply the invalidity of the underlying parole revocation decision, plaintiff's claims challenging his parole revocation and subsequent incarceration are barred by *Heck*.

Accordingly, in sum, the undersigned concludes that the plaintiff's complaint is subject to dismissal at the screening stage because plaintiff's allegations do not state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).

Date: 5/3/12
cbc

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ANTHONY BLACKMON,
Plaintiff

vs

MICHAL SANDS, ET AL.,
Defendants

Case No. 1:12-cv-326

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).